EDMUND RECCHIA *vs.* WALSH-KAISER COMPANY, INC. *et al.*

JULY 18, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Moss, J.   This is an appeal by the respondents the Walsh-Kaiser Company, a corporation engaged in the construction of ships in this state, and the Travelers Insurance Company of New York, hereinafter referred to as Travelers, from a decree ordering either of them to pay petitioner certain sums in a proceeding under the workmen's compensation act, general laws 1938, chapter 300.

As will presently appear, the ultimate question in this cause is whether Travelers or the American Surety Company of New York, hereinafter referred to as American Surety, which also is a respondent in these proceedings but which did not appeal from the above-mentioned decree, is liable for the payment to the petitioner of the sums specified in said decree.   The parties agree that American Surety was the insurer for the Walsh-Kaiser Company until midnight. March 25, 1944, and that at that time Travelers became its insurer and was when the petitioner was injured on July 28, 1944.

It appears in evidence that the petitioner, who was employed as a ship fitter, sustained an injury to his back by accident arising out of and in the course of his employment on October 12, 1943 and again on December 2, 1943. Following his incapacity to work for three days after the first accident, he resumed his regular employment, generally doing light work. He was not incapacitated by the second accident but continued his regular employment until July 28, 1944, though having some pain or discomfort in his back at times and though he had advice and treatments for such condition from a physician for four weeks following that second accident. At the end of that period the physician discharged him as cured and able to return to his work.

What occurred on July 28, 1944, both as to the extent of petitioner's physical effort and the means that he employed in doing the work at that time, fairly appeared in the following testimony by him: "I was fairing what they call a fuel oil tank and we was setting a section and we had to line up this bulkhead—it is like a wall in the building here—and it was out of line about an inch and a quarter or two inches. We had to stick wedges in there with a dog and force it over. We usually use a smaller hammer but this time it was quite hard to push over and I picked up a sledge hammer and started swinging out at the wedge. As I swung a fellow asked me to give him a wedge—one of these wedges is about six inches long—and I stooped down and picked it up without straightening up. When I went to straighten up to give him the wedge my back went again. I had to lie down on the plank and the pain was terrific. I just couldn't move."

He testified: "I should say the wedge was five pounds." His testimony further shows that the sledge hammer weighed about eight or ten pounds; that in order to swing it he had to put "some strength" on his right side; that when he was asked for a wedge while he was working in the manner appearing in the above quotation, he temporarily rested the hammer "on its head with the handle up." and then, "with-

out straightening up" and while "turning around all in one motion" to get the wedge and hand it to the person requesting it, his back was injured before he could get up from his leaning or bending position. The physician who treated the petitioner for his injury at that time and continuing to the time of the hearing, January 16, 1945, testified that the petitioner was suffering from a low back strain and was still unable to return to his former work as a ship fitter.

A medical witness for Travelers testified that the petitioner received an original straining injury to the muscles of his right back and posterior chest in October, 1943, and a minor recurrence in January, 1944; and that in July, 1944, in bending over he had a recurrence of the same type of pain and discomfort that he had in both previous episodes. He also testified that this recurrence was caused by leverage exerted on the muscles of the petitioner's back in the process of reaching over to pick up the wedge.

The decree, among other findings, contains the following findings of fact: "1. The petitioner on July 28, 1944 suffered an injury in the course of his employment that was an 'accident' within the scope and meaning of the workmen's compensation act. 2. That as a result of said accident, the petitioner was totally disabled and was unable to perform the duties of his job as a ship fitter, first class, from the date of said accident up to the present time."

Walsh-Kaiser Company and Travelers in effect contend that on all the evidence in this case these findings of the trial justice are erroneous, as there is no legal evidence that the petitioner, on July 28, 1944, suffered an injury in the course of his employment that was an "accident" within the scope and meaning of the workmen's compensation act; that whatever injury the petitioner suffered on that date was nothing more than a recurrence of his previous injuries caused by the accidents of October 12 and December 2, 1943; and that therefore American Surety, which was employer's insurer at the dates of those earlier accidents, was liable to plaintiff for any incapacity resulting to him from any in-

jury on July 28, 1944, and that Travelers was not liable for any such incapacity.

The law applicable to this cause is well established with us. In the absence of fraud, findings of fact by a trial justice, if supported by legally competent evidence, are made conclusive upon us by our statute. Fair and reasonable inferences by the trial justice from the evidence are equivalent to evidence. A conclusion by way of reasonable inference from the evidence is a finding of fact. *Barker* v. *Narragansett Racing Assoc.*, 65 R. I. 489. In that case we also held that an "accident" within the workmen's compensation act is an unlooked-for mishap or an untoward event which is not expected or designed. Also, that an injury by accident to the physical structure of the body need not be the result of external violence but may result internally from overexertion.

In the instant cause, the evidence and fair inferences therefrom are not such as would lead all reasonable men to only one conclusion. Different inferences and contrary conclusions may be reasonably drawn from the evidence. Upon consideration of all the evidence we are of the opinion that the finding of the trial justice that, on July 28, 1944, there was an accident within the meaning of the workmen's compensation act, in the circumstances of this cause, is supported by the evidence and reasonable inferences therefrom. This being so, there was legally competent evidence to support his findings of fact, as hereinbefore quoted. In such a situation, even though a contrary conclusion might be equally reasonable, we cannot disturb his findings.

Respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hogan & Hogan,* for petitioner.

*Henry M. Boss,* for Walsh-Kaiser Company, Inc., and The Travelers Insurance Company.

*Hinckley, Allen, Tillinghast & Wheeler, John W. Baker,* for American Surety Company of New York.