ERMINIO PARENTE *vs*. APPONAUG COMPANY.

FEBRUARY 5, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300.   The case is before us on respondent's appeal from a decree of the superior court awarding petitioner compensation for total incapacity.

Petitioner's regular work with the respondent was to lift heavy rolls of cloth on to a stand connected with a certain machine, which stand was about 26 to 28 inches above the factory floor.   To place the roll in position on the stand, the petitioner first inserted a lever in one end of the roll and, while the other end rested on the floor, he raised the levered end and placed it on the stand, where it was held in place by some means not clearly described in the evidence.   He then lifted the other end of the roll in the same manner.   On January 15, 1945, while so employed, the petitioner lifted one end of the roll on to the stand without difficulty, but, as he was lifting the other end, he felt a sudden pain in his lower back, which disabled him.   He promptly notified his immediate superior, and now claims that, although he has applied for lighter work with the respondent and at other places, he cannot secure the kind of work that he is able to perform.

On direct examination he testified, in general terms, that the rolls which he was called upon to handle at the time

of the accident were oversize rolls, heavier than those he had handled before. In cross-examination, however, he testified as follows with reference to the weight of the rolls that he lifted in the course of his regular work: "Q. You had to lift rolls? A. Yes. Q. Do you know how much those rolls weigh? A. Well, I don't know; 6-700, 300, 500, 1000, 1500. Can't figure all the same. They come any kind of roll. Q. Well, you mean that they weigh anywhere from 300 pounds to 1000 or 1500 pounds? A. Yes, sir. Any kind of roll they come. . . . Q. Do you know how heavy that roll was that you were lifting? A. They do come every size roll. Heavy roll. I don't know how much it weigh. Over 1000 pounds, anyway."

On this evidence the trial justice found that petitioner was injured by an accident arising out of and in the course of his employment "while attempting to lift a roll of cloth weighing approximately twelve hundred pounds." We note at this point there was no evidence that the weight of the roll was as stated in the finding. The respondent contends that such finding was erroneous as a matter of law, in that, although petitioner's injury arose out of and in the course of his employment, it was not sustained "by accident," as our act requires. In support of this contention respondent argues that there was no legal evidence of an "accident" within the meaning of that word as defined by the decisions of this court.

We have repeatedly held that the word "accident" in our workmen's compensation act is used in its popular sense and means an unlooked-for mishap or an untoward event which is not expected or designed. *Fuller Co.* v. *Schacke,* 71 R. I. 322; *Chirico* v. *Kappler,* 61 R. I. 128; *Walsh* v. *River Spinning Co.,* 41 R. I. 490. Generally speaking, there is an accident within that definition if the injury results from unusual environmental conditions, such as excessive cold or heat, *Gibbons* v. *United Electric Rys.,* 48 R. I. 353; *Walsh* v. *River Spinning Co., supra;* or where the injury is caused by an unintentional or fortuitous

external event, as a fall or the application of external force, *Starnino* v. *Fuller Co.,* 72 R. I. 91 and *Carroll* v. *What Cheer Stables Co.,* 38 R. I. 421; or where an employee, working under unusual or extraordinary conditions, suffers injury to the physical structure of the body from overexertion. *Barker* v. *Narragansett Racing Ass'n., Inc.,* 65 R. I. 489; *Mederos* v. *McLeod,* 65 R. I. 177. If there is no legal evidence, either direct or by reasonable inference, to establish that the employee was injured "by accident," as above broadly classified, then his injury is not compensable under our act. *Spolidoro* v. *United States Rubber Co.,* 72 R. I. 269; *Fuller Co.* v. *Schacke, supra; Fossum* v. *Fuller Co.,* 70 R. I. 191.

■ It is clear that the petitioner here did not suffer injury by accident because of unusual environmental conditions or through the application of external force due to some unintentional or fortuitous occurrence. The question then reduces itself to a determination of whether he suffered his injury through overexertion that was made necessary by an unusual and extraordinary condition while working. After a careful reading of the transcript, we are unable to say that there is any legal evidence to support such a conclusion. He himself testified that his usual and ordinary work was to lift rolls of cloth, in the manner herein described, varying in weight from 300 to 1500 pounds, and that at the time of the injury he was lifting a roll that weighed "Over 1000 pounds, anyway." When this evidence is viewed most favorably to him, it is still well within the range of the weight of the rolls that he was called upon to lift in the course of his regular employment. There was therefore no evidence of any unusual or abnormal exertion by him prior to his injury which was due to his work or the conditions of his employment. The lifting of rolls within the range of weight above indicated was a normal incident of petitioner's employment.

The situation in the case at bar is similar to that in *Spolidoro* v. *United States Rubber Co., supra.* To hold that

on the evidence in the record before us the petitioner suffered an injury "by accident" would, in effect, eliminate those words from our statute. If such elimination is desirable, it is a matter of policy for the legislature to decide.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion.

*William G. Grande,* for petitioner.

*Henry M. Boss, John T. Keenan,* for respondent.

