*Arcaro, Carty & Belilove, Joseph B. Carty,* for complainant.

*Edward J. McCaughey,* for respondents.

MICHAEL ZIELONKA *vs.* UNITED STATES RUBBER COMPANY.

APRIL 14, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an original petition by an employee for compensation under the workmen's compensation act, general laws 1938, chapter 300. The case is before us on petitioner's appeal from the action of the superior court in allowing the respondent to reopen the case on its merits in circumstances that will presently appear, and also on respondent's appeal from a decree of that court awarding the petitioner compensation for total disability.

This case was previously considered by us. See *Zielonka* v. *United States Rubber Co.*, 74 R. I. 82. The facts are fully stated in that opinion and therefore need not be repeated here. The basic issue then and now is whether the respondent was injured in performing his regular work in the usual manner, or whether he suffered an "injury by accident" in the course of his employment as a result of overexertion due to unusual or extraordinary circumstances.

In the previous case, because of ambiguity in the rescript of the trial justice which left us in doubt as to whether he had followed the correct rule of law in making his findings of fact, we sustained the respondent's appeal and reversed the decree without prejudice. At that time we remanded the case to the superior court with directions

that the same trial justice make whatever findings of fact he deemed proper upon a reconsideration of the evidence *then* of record in the light of the meaning of "injury by accident" as interpreted by this court.

At the rehearing in the superior court the respondent moved that it be allowed to present further evidence on the merits of the case. Construing our directions too broadly, the trial justice granted that motion over petitioner's objection. This ruling is the subject of petitioner's appeal now before us. The effect of the new testimony, however, merely intensified the conflict of evidence that was apparent in the original record. In view of our conclusion on the findings of fact in the decree now before us, the petitioner was not prejudiced by the aforementioned ruling of the trial justice. His appeal is therefore denied and dismissed.

We deem it advisable to summarize here the respective claims of the parties, even though there is a full statement of facts in our previous opinion, to which reference is hereby made. The evidence for the petitioner, a serviceman who was charged with the duty of lifting heavy rolls of rubber onto machines when requested by the operators thereof, was to the effect that on the day of his injury he was met with an emergency in that all the machines exhausted the material on the rolls at the same time; that the machine operators then demanded that the petitioner place new rolls onto the machines without delay, thereby depriving him of the usual interval of rest between each such operation; and that overexertion in complying with their urgings resulted in the injury to his back. The evidence for the respondent, including that at the rehearing, in substance was that there was no such emergency as the petitioner claimed, and that he was injured while performing his ordinary work in the usual manner.

Upon his reconsideration of all the evidence the trial justice found, according to the decree now before us, that petitioner's injury was the direct result of an "accident," within the meaning of that word as interpreted by this

court, while performing his work "under unusual circumstances and conditions." Our examination of the record shows that there is legal evidence to support such finding. We have consistently held that an injury by accident to the physical structure of the body need not be the result of particular external violence. Such an injury may result from an internal breaking down of bodily resistance through overexertion when some unusual circumstances or extraordinary conditions connected with the employment caused or reasonably contributed to cause the injury. *Mederos* v. *McLeod*, 65 R. I. 177; *Barker* v. *Narragansett Racing Ass'n, Inc.*, 65 R. I. 489; *St. Goddard* v. *Potter & Johnson Machine Co.*, 69 R. I. 90; *Recchia* v. *Walsh-Kaiser Co.*, 71 R. I. 208. See also *Antonelli* v. *Walsh-Kaiser Co.*, 72 R. I. 1; *Parente* v. *Apponaug Co.*, 73 R. I. 441.

The cases of *Fuller Co.* v. *Schacke*, 71 R. I. 322, *Spolidoro* v. *United States Rubber Co.*, 72 R. I. 269, *Parente* v. *Apponaug Co.*, supra, and *Taci* v. *United States Rubber Co.*, 74 R. I. 113, upon which the respondent relies, are clearly distinguishable in their facts from the instant case and are therefore inapplicable here under the findings of fact made by the trial justice, which, being supported by legal evidence, we are precluded from reviewing by force of the act. In the absence of fraud, it is now so well settled as to require no citation of authority that we will not pass on the weight of the evidence or the credibility of witnesses when there is legal evidence to support such findings of fact.

The appeals of the petitioner and the respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

HEARING ON REARGUMENT.

MAY 11, 1949.

PER CURIAM. After our opinion in the above-entitled case was filed the respondent requested and was given leave to reargue merely as to the concluding paragraph of our

opinion in connection with the form of the decree. At a hearing thereon our attention was called for the first time to a provision in the decree, which we had affirmed, that the petitioner was entitled to receive compensation for total incapacity "until further order of the Court," whereas the act provides for compensation while the incapacity for work resulting from the injury is total. General laws 1938, chapter 300, article II, §10. Both parties now agree that the language above quoted from the decree should be stricken therefrom as being inconsistent with the provisions of the workmen's compensation act, and that the compensation awarded should be payable only during the total incapacity of the employee.

In the circumstances paragraph numbered 1 in the decree appealed from is modified by striking out said paragraph and substituting therefor the following: "That the respondent pay to the petitioner, commencing August 4, 1945, compensation for total incapacity in accordance with the provisions of the workmen's compensation act."

The decree appealed from as above modified is affirmed, and the cause is remanded to the superior court for further proceedings.