THE FERBER COMPANY *vs.* ALBERT CHERELLA.

NOVEMBER 1, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J.  This is an employer's petition to review a decree of the workmen's compensation commission, by the terms of which the respondent was receiving compensation for partial incapacity.  From a final decree of the full commission affirming the decree of the single commissioner adjudging the respondent's incapacity to have ceased, the respondent has duly prosecuted an appeal to this court.

On July 25, 1956 respondent, a laborer in the employ of petitioner, sustained a compensable injury arising out of and in the course of his employment.  Thereafter, namely, August 17, 1956, a preliminary agreement was entered into between the parties by the terms of which respondent was to receive $32 weekly for total disability resulting from an injury described as "Contusion left side of thoracic cage, strain lower back."

Pursuant to the terms of a supplementary agreement dated December 11, 1956, compensation for total disability ceased and thereafter respondent received compensation for partial disability.

Subsequently, by a consent decree entered June 3, 1957 the employer, who had been making partial compensation payments in accordance with the terms of the supplementary agreement, was ordered to pay respondent total compensation from March 12, 1957 to April 16 of that year and partial compensation thereafter until the decree was altered or modified.

The instant petition was filed by the employer on November 10, 1958, seeking a review of the preliminary and supplementary agreements and of the consent decree on the ground that respondent's incapacity for work had ceased or diminished.  A hearing thereon was held, and on Janu-

ary 2, 1959 an interlocutory decree was entered ordering that respondent "forthwith commence a course of intensive therapy and rehabilitation at the Rhode Island Curative Centre."

The decree further provided that respondent was to devote the remainder of each day to a diligent search for suitable employment until February 2, 1959, when the parties were to present themselves before the commission for further disposition.

At the hearing on February 2 respondent testified that he was still partially incapacitated for work in that he was under doctor's orders not to engage in anything other than light work, and that the pain in the upper and lower areas of his back was not any less severe than at the time of the accident.

Two medical reports of Dr. A. A. Savastano, respondent's physician, dated October 26, 1957 and November 21, 1958, were received in evidence. In the first report the doctor stated, in effect, that respondent complained of no improvement and since he, Dr. Savastano, seemed not to be helping respondent, he would refer him to Dr. Donald F. Larkin for examination.

Doctor Larkin's report dated October 31, 1958 was also received in evidence. This report, referring to an examination of November 5, 1957, stated probatively, "At the time of examination there were no particular objective findings, but patient complained subjectively of pain in the midback and also of tenderness."

Doctor Savastano's report of November 21, 1958 comments, "The patient's picture remains about the same. I still feel that he has the ability to do work of a selected nature."

There were also received in evidence reports from Dr. Arthur E. Martin of the Curative Centre relative to the treatment prescribed in the interlocutory decree, and from

Dr. G. Edward Crane who examined respondent at the request of petitioner.

Doctor Martin's report stated that respondent had been discharged from the Curative Centre after the one month treatment for which he had been referred by the commission, and concluded with: "He has not shown any improvement during this period."

The report of the examination by Dr. G. Edward Crane recites his findings in detail, indicating but slight limitation of bending, rather good motion of arms and legs, and notes that X rays taken November 5, 1957 showed no evidence of any fracture; but observes that there was a rather marked osteoarthritis of the dorsal spine. He concludes, however: "I would not consider him to be totally disabled and I believe he could do more than he claims if he would try."

In addition to the foregoing documentary evidence, respondent put in the record the X-ray report of an examination made by Drs. William J. Butler and Joseph J. Lambiase on December 8, 1958. This report concluded with: "There are slight hypertrophic changes of the thoracic and lumbar vertebrae, and there is a slight scoliosis of the thoraco-lumbar spine."

The respondent also testified that he had complied with the commission directive to search for suitable employment, but had been unable to secure work which he could perform. He freely acknowledged that he was not totally disabled and that there were types of employment for which he was qualified by reason of his physical condition and past experience in the laundry and jewelry businesses. He asserted his search for such employment, however, was unavailing. He conceded that he had received no treatment for his injury after the first year and a half following his accident other than that received at the Curative Centre, which consisted of massage, hot baths and exercise. It does appear, however, that he reported on occasions to Dr. Savastano for checkups.

In his decision, the single commissioner reviewed the travel of the case and concluded:

"I have carefully studied the medical evidence, which was admitted in the way of reports, and I have listened carefully to the respondent testify. I also observed him while he was in this building on two occasions. These are my impressions:

"I think that the respondent is a very fine man; that he has recovered from the effects of his injury; that he would be much better off working; that he is perfectly able to work if he will make up his mind to do it.

"I find as a fact:

"The respondent is no longer incapacitated by reason of the injuries sustained on July 25, 1956 which are the subject of a preliminary agreement between the parties.

"It is, therefore, ordered:

"The petitioner may forthwith suspend all payments of compensation."

In support of his appeal, respondent has assigned ten reasons, but has compressed them into three issues. It is in that posture that we shall consider them. The first issue is that petitioner has patently failed to meet its burden of proof. This, he contends, in effect, flows from what he posits as the second issue, namely, that the uncontradicted medical evidence clearly establishes that the respondent-employee was at the least partially disabled. The respondent's reasons of appeal taken together and compressed within the foregoing issues reduce themselves to the proposition that there is no legal evidence in the record upon which the decree of the single commissioner, as affirmed by the full commission, can be supported.

It is well settled that this court is precluded from weighing the evidence, but whether there is any of a competent nature to support the decree is a question of law. *Catoia* v. *Eastern Concrete Products Co.*, 84 R. I. 402. This court has also decided, however, that if there is any such evidence

the decree must be affirmed. *Kestenman Bros. Mfg. Co.* v. *Greene,* 81 R. I. 291.

In the instant cause we have, therefore, reviewed the record in the light of the finding upon which the single commissioner relied. The record discloses that all of the medical reports except one apparently are open to but one inference, namely, petitioner is not totally incapacitated for work. However, the report of Dr. Larkin does afford the basis for an inference that petitioner's incapacity has wholly ceased. Doctor Larkin stated therein that he found no particular objective symptoms. This is equivalent to his finding that there is no medical evidence to support the symptoms of which respondent complained.

The effect thereof is to reduce petitioner's claim of present partial incapacity to a question of credibility. It seems clear to us, from the tenor of the single commissioner's decision, specifically the total lack of objective symptoms identifiable with the injury, an absence of treatment for a period of a year prior to the hearing and the commissioner's personal observations in the light of such factors, that the commissioner implicitly discounted respondent's appraisal of his capacity for work.

The respondent argues further, however, that even Dr. Larkin limited respondent's capacity to light work. We do not so construe the language employed by Dr. Larkin on which respondent relies. Rather, it seems clear to us that the doctor was merely indicating that respondent would at first experience some discomfort attributable to the long period of inactivity.

In his oral argument, respondent contends that the diagnosis based on X-ray examinations are objective symptoms of the injuries set forth in the preliminary agreement. We do not so conceive them, but even if we did there would still remain Dr. Larkin's finding to the contrary.

Finally, respondent contends by his third issue that the decree was defective in that it does not contain the ultimate

facts found by the single commissioner, relying on *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325. Conceding the correctness of the rule as laid down therein, petitioner points out that no such assertion of error was contained in respondent's reasons of appeal to the full commission. He is, therefore, it argues, precluded from raising the issue in this tribunal, citing *United Wire & Supply Corp.* v. *Frenier,* 87 R. I. 31, and *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335.

An inspection of the respondent's reasons of appeal to the full commission discloses that no such reason was assigned as contended by the petitioner. On the authority of the cases cited by the petitioner, the respondent is precluded from making the contention contained in his third and final issue.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Higgins & Slattery, William C. Dorgan,* for petitioner.

*Edward I. Friedman, Howard I. Lipsey,* for respondent.