223 A.2d 347.

Maurice C. Woods *vs.* Safeway System, Inc.

OCTOBER 24, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This is an appeal by an employer from a decree of the workmen's compensation commission affirming a decree of a single commissioner who on an original petition for benefits under the act found that the employee, a furniture mover, had sustained a compensable injury to his hip and back.

Because the employer's contention that the record fails to disclose a causal relationship between the incident and

the subsequent disability is dispositive, we refer only to the portion of the record relating to that issue.

It there appears that petitioner underwent an operation to his hip when he was fourteen and that he has ever since experienced pain in that area as well as stiffness in his back. The alleged injury occurred about fourteen years later when he felt a snap in his back as he was lifting and handling a washing machine which he and a fellow-employee were delivering for their employer. The immediate consequences neither interfered with the completion of the delivery of that machine to the third floor of a tenement dwelling nor did they prevent him from carrying on his customary work during the remainder of that day or during a fourteen-hour work period on the following day. Moreover, other than for a moment of pain experienced immediately following the incident, he was without any further discomfort to his back until about 10:30 a.m. two days later. Then, while shaving and as he was turning his head to speak to his wife, he experienced a severe pain in his back. When it persisted and was accompanied by an inability either to move about or to sit down he went to the emergency room of a local hospital and then after examination was admitted as a patient.

While at the hospital he was attended by his family physician and an orthopedic specialist. They were the only medical witnesses to testify at the hearing before the commissioner. The opinion of each that there was a causal relationship between the washing-machine incident and the subsequent disability was premised, at least in part, upon a history related to them by petitioner which included his complaint that he had suffered continually from an acute and severe back pain during the interval between the time he felt a snapping in his back on the morning of November 24 and his admission to the hospital two days later.

The obvious inconsistency between a case history of con-

tinued pain and petitioner's uncontradicted and unimpeached testimony that the discomfort was only momentary in duration destroys the probative force of the expert opinions that there was a causal connection between the incident and the disability. Of that there can be no question. Those opinions were of necessity dependent upon the existence of the facts upon which they were predicated. They became speculative and conjectural and without either evidentiary competency or legal value as soon as it became apparent that their bases were contrary to the established facts and their premises nonexistent assumptions. *Miller* v. *Springfield Township Highway Dept.*, 202 Pa. Super. 616; *Brown* v. *United States Fidelity & Guaranty Co.*, 336 Mass. 609; *United States* v. *Cooper*, 277 F.2d 857; 2 Wigmore, Evidence (3d ed.) §680, p. 799.

Because the establishment of causation is a prerequisite to a recovery of compensation, *Carr* v. *General Insulated Wire Works, Inc.*, 100 R. I. 203, 213 A.2d 700, *Conti* v. *Washburn Wire Co.*, 77 R. I. 31, the decree appealed from can stand only if the record thus stripped of the foregoing opinions is found to contain some legally competent evidence of causal connection.

Our own careful reading of the transcript discloses only one other possible source of causality and that is found in the testimony of the orthopedist. The parties direct us to no other. On cross-examination he was asked whether the subsequent disability could have resulted from the washing-machine incident if during the approximately forty-eight hour interval between the two happenings petitioner had, without experiencing either pain or discomfort, continued with his regular labors as a furniture mover. A fair read-

ing of the doctor's responses[1] makes obvious that predicated upon such a factual hypothesis his subsequent incapacity would have been a "very unusual" result.

Viewed in the posture of those responses the case falls within the ambit of those decisions where we have held that a physician's testimony on the issue of causal connection, if it is to be given probative force, must go beyond an expression that a subsequent disability *might* have been caused by an earlier incident. Instead, if it is to have any legal effect, it must identify the incapacity as being at least the *probable* rather than a *possible* result of the incident. *Macedo* v. *Atlantic Rayon Corp.*, 81 R. I. 339; *Antonelli* v. *Walsh-Kaiser Co.*, 72 R. I. 1.

Here the medical opinion that it would be "very unusual" for the incapacity to have resulted from the incident cannot reasonably be equated with an expression that the one *probably* stemmed from or was caused by the other; rather it is apparent that the doctor said that it was *possible* that the one *might* have been caused by the other. This was not legally enough to establish causation.

There being no evidence of probative force in this record supportive of the commission's finding that the incident and the subsequent loss of earning capacity were causally related, it was an error of law for the commission to have awarded compensation benefits.

---

[1]"Q. Now, suppose you were told that he worked that whole afternoon. The next morning he got up, felt all right, no stiffness, no pain, he worked a complete day, went home, next day was Thanksgiving morning, he got up without any stiffness, no pain, half past ten, he got up a little later that day, holiday. He is standing over the sink shaving, he does not bend. He just turned his neck a slight angle, to look at his wife with whom he is talking then he feels a terrific pain from that time one [sic], he is totally disabled. Does that seem according to your experience reasonably the result of an acute injury such as he told you about on the twenty-sixth?

"A. It's not an unusual one.

"Q. It is very unusual, isn't it?

"A. Yes."

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Matthew E. Ward, Paul E. Burke,* for petitioner.

*Martin M. Zucker,* for respondent.