239 A.2d 192.

HELEN TAGLIANETTI *vs.* JO-DEE CORPORATION.

MARCH 12, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.  This is an original petition brought by an employee against her employer to obtain compensation benefits under the workmen's compensation act.  It is before us on her appeal from a decree of the workmen's compensation commission affirming the trial commissioner's decree which denied and dismissed the petition.

The evidence shows that the respondent employer manufactured cases which were used to display and dispense the flashlight batteries of a nationally known company.  It was employee's task to glue certain parts of a case called a dispenser and place the completed case in a box.  When the box was filled, she would carry it to a storage area where she placed one box on the other until the row of boxes reached a height in excess of five feet.  A completely filled box weighed in the neighborhood of 18 pounds.  On Wednesday, August 10, 1966, employee was working when she experienced pain in her lower back and one of her legs.  The severity of this pain was so great that she left work in mid-afternoon and returned to her home.  The following Sunday she was taken by the rescue squad to a hospital where she remained for six weeks.  Some two months after her discharge from the hospital, she was examined by a physician who is a recognized expert in the field of orthopedic and fracture surgery.  This physician, who has appeared as a witness on innumerable occasions before the various courts and administrative tribunals in this state, testified for employee.

The single issue before us is whether his testimony contains any legally competent evidence of a causal connection between employee's complaint and her employment. In our examination of the record we are unable to discover any such evidence.

This physician told the commissioner that he suspected employee might have a ruptured disk. He further stated in response to an inquiry as to the cause of this condition that "* * * I surmise * * * that it *could be related* to her occupation" (italics ours). As he neared the conclusion of his testimony, the doctor said it was *very possible* that employee's lifting of heavy boxes for a period of a year could have brought on this condition which she now suffers.

A physician's opinion as to the nexus between an employee's work and his disability expressed in terms of "could be related," and "very possible" does not legally establish the necessary causation which permits an employee to receive benefits under the workmen's compensation act. If a physician's testimony in this regard is to have any legal effect, it must, as we said in *Woods* v. *Safeway System, Inc.,* 101 R. I. 343, 223 A.2d 347, identify the employee's incapacity as being, at the least, the *probable* rather than a *possible* result of his work. Here the employee's medical witness dealt in the realm of possibilities and not probabilities and his testimony afforded no legal basis upon which compensation could be granted in the instant cause. It was employee's burden to establish by the fair preponderance of the evidence that her injury arose out of and in the course of her employment and was connected therewith and referable thereto.

We are mindful of employee's exhortation that a liberal construction of the workmen's compensation act should entitle her to prevail in this cause. Judicial construction, however, cannot be employed as a substitute for the legally

competent evidence which is conspicuous by its absence here.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*George E. Healy, John A. Varone,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.