267 A.2d 697.

George Barber *vs.* Uniroyal, Inc.

JULY 20, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's original petition for compensation under the Workmen's Compensation Act. The petition was heard by a trial commissioner, who thereafter on July 2, 1969, entered a decree wherein he found that the petitioner had sustained "* * * a strain of the ligaments of his back arising out of and caused by the peculiar characteristics of his employment with the respondent" and that the ligamentous strain had not caused any incapacity for four or more consecutive days. The trial commissioner found also "That any incapacity subsequent to January 7, 1969 does not flow from nor is in any way related to or caused by the strain of the ligaments brought on by his employment with the respondent." The petition was then denied and dismissed. Thereafter the decree of the trial commissioner was affirmed by a decree of the full commission entered on October 7, 1969, and the petitioning employee is now in this court prosecuting an appeal from that decree.

It is not disputed that petitioner had been in the employ of respondent from sometime in April of 1968 until January 2, 1969, during which time he had been employed as a service man. The duties of such an employee appear to have involved the lifting of heavy rolls of some sort of material used in the making of rubber pontoons and in supplying cement to another employee designated as a spreader operator.

The petitioner testified that he had experienced pain and discomfort in his back during the entire period of his employment with respondent. He conceded, however, that he had at no time ever given notice to respondent that he was having trouble. The record discloses that on January 5, 1969, while at home petitioner sneezed and, according to his testimony, immediately suffered a partial paralysis with

intense pain of his back which radiated down into his left leg. On Monday, January 6, petitioner, going to Rhode Island Hospital, met a Dr. Paul T. Welch in the emergency room. The doctor diagnosed petitioner's ailment as a ruptured disk, and respondent does not dispute that from January 6 on petitioner was totally incapacitated for work.

It is clear from a study of his decision that the trial commissioner found that the work-connected ligamentous strain did not result in any incapacity for work. According to the inference drawn by him from the evidence and in particular from the testimony of Dr. Welch, such incapacity resulted from an independent cause unconnected with his employment, that is, a disk injury resulting from the act of sneezing on Sunday, January 5.

The trial commissioner noted that the medical witness candidly stated under cross-examination "* * * that the sneeze was the final straw and the precipitating factor in the rupturing of the disc which caused the petitioner to become totally incapacitated for work with surgery indicated. He also stated that if the petitioner had not sneezed, the disc would not have ruptured, and he would not have had the severe symptoms necessitating a visit to the hospital with following disability." The commissioner also quoted Dr. Welch as testifying unequivocally that "* * * the sneeze was the final straw and was the producing cause of the rupture of the disc, whereas prior to that time, he only had a strain of the ligaments which in no way incapacitated him." Thereupon the trial commissioner inferred from the testimony of Dr. Welch that petitioner's incapacity was caused exclusively by the disk injury that resulted from the act of sneezing and in no degree by the ligamentous strain conceded to be causally connected with his employment.

The petitioner, on the other hand, argues that the trial commissioner misconceived the testimony of Dr. Welch.

He contends that the medical witness was not testifying that the incapacitating disk injury resulted from the sneeze exclusively and, therefore, is unconnected causally with the employment. Rather, he contends that the medical witness's testimony stated that the ligamentous strain, which is concededly causally connected with the employment, had involved an intervertebral disk prior to Sunday, January 5, and that the sneeze so exacerbated the disk condition as to markedly increase the symptoms and to render it incapacitating from that moment on. In short, petitioner appears to argue that the testimony of Dr. Welch is not susceptible of the inference drawn therefrom by the trial commissioner.

An examination of the transcript is persuasive that the trial commissioner did misconceive the thrust of the evidence adduced through the medical witness. The doctor was asked if the disk condition was caused by the sneeze, the specific question being: "* * * did the sneeze itself cause the disk condition which you found this man to be suffering from? When I say that, I mean the sneeze alone, in and of itself." His answer was: "No. The sneeze by—in and by itself could not be considered." He further testified that he did not feel that an "* * * everyday normal bodily function such as a sneeze would be a causative factor in a ruptured disk."

Under cross-examination the doctor testified further that he would not consider the sneeze to be a causative factor for a ruptured disk, saying: "I would feel it would contribute to a pre-existing condition." Of great significance, in our opinion, was his statement: "I think he had an injured disk and the question comes up 'do you consider a ruptured disk the same as an injured disk?' My answer to this is the injured disk may not have sufficiently swelled to be able to classify it as having ruptured out of its normal confines and I believe that the sneeze presumably

with a normal reaction to the sneeze where you bend, was enough to tear some of the restraining ligaments that ended with a protrusion of a disk and his severe complaints of pain so that —so that the sneeze then gave us the symptoms of the rupture of the previously injured disk."

It is, then, our opinion that the doctor was testifying that petitioner in the course of his employment had sustained an injury which affected some of the ligaments in his lower back which, in the doctor's opinion, involved an intervertebral disk, and that the sneeze had only exacerbated such injury to the disk to an extent that brought on incapacity at that time. We are constrained to conclude, then, that the evidence is susceptible of an inference that a prior involvement of the disk when the back ligaments became subject to strain contributed to the incapacity of petitioner. We are further persuaded that such an inference is possessed of probability to such a degree as to negate that drawn by the trial commissioner. It is settled in this state that an inference contrary to that drawn by a trier of fact may, when it possesses probability to an appropriate degree, negate the inference drawn by the trier of fact.

In the circumstances it is our opinion that the trial commissioner did misconceive the inferential potential of the testimony of the medical witness and that, in fact, there is in the record no legally competent evidence to support a finding of an absence of causality which was adopted by the full commission in its decree. It is settled that, absent fraud, this court is bound by the findings of the Workmen's Compensation Commission when such findings are supported by legally competent evidence in the record. *Dziekiewicz* v. *George Arpin & Sons, Inc.,* 105 R. I. 549, 552, 254 A.2d 76, 78. However, the converse of this proposition is also true. When the commission makes findings that are not supported by legally competent evidence

in the record or the reasonable inferences to be drawn from such legally competent evidence, it constitutes error of law on the part of the commission. *Thompson* v. *Coats & Clark, Inc.*, 105 R. I. 214, 251 A.2d 403, and *Woods* v. *Safeway System, Inc.*, 101 R. I. 343, 223 A.2d 347. We conclude, then, that the commission erred in finding that there was no causal relationship between the strain of the ligaments of petitioner's lower back and the incapacity which followed his sneeze on Sunday, January 5, 1969.

The appeal of the petitioner is sustained, and the case is remitted to the Workmen's Compensation Commission for the entry of a new decree in compliance with the terms of this opinion.

*Abedon, Michaelson, Stanzler and Biener, Howard I. Lipsey,* for petitioner.

*Ambrose W. Carroll,* for respondent.