271 A.2d 299.

GENO PELINO *vs.* GENERAL ELECTRIC COMPANY.

DECEMBER 3, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employee's petition to review a decree of the Workmen's Compensation Commission establishing that the employee sustained a compensable acute low back sprain on March 14, 1967. It was filed April 24, 1969, and alleged that petitioner's incapacity had increased or returned by reason of the effect of the injury of March 14, 1967. The recurrence was predicated on an incident which occurred February 10, 1969.

The petition was heard by a single commissioner who, in his decision, reviewed the evidence before him and found that the incident in question was a separate intervening injury not related to that for which petitioner had been originally compensated. Accordingly, a decree was entered which contained the single finding of fact that

> "The petitioner has failed to prove by a fair preponderance of the credible evidence that any incapacity for work which he had subsequent to March 3, 1969 was due to an injury sustained on March 14, 1967, which injury, was the subject of a decree of this Commission dated June 14, 1967, W.C.C. No. 67-0648."

From that decree petitioner appealed to the full commission which affirmed. The cause is before us on petitioner's appeal from the affirming decree of the full commission.

The ultimate facts can be briefly stated. At the hearing on his petition, employee testified that in getting out of his car at home on February 10, 1969, his left leg gave out from under him. However, respondent's plant nurse testified that petitioner had informed her and petitioner's foreman testified that petitioner's wife had advised him that

petitioner had slipped on the ice and snow at home. Moreover, this version was corroborated by the orthopedic surgeon who received a history of the case from petitioner after the incident of February 10, 1969.

In his oral argument and brief, petitioner acknowledges that in the absence of fraud, not alleged here, this court does not weigh evidence. Nevertheless he argues that in light of the overwhelming oral and documentary medical evidence regarding petitioner's original injury of March 14, 1967, it is obvious that the single commissioner, in the first instance, and the full commission on review, misconceived the credible competent evidence. So viewed, he further argues, that the instant record is barren of creditable competent evidence to support the commission's finding of fact. This being so, he contends that the finding is error as a matter of law, citing *Thompson* v. *Coats & Clark, Inc.*, 105 R. I. 214, 251 A.2d 403 and *Woods* v. *Safeway System, Inc.*, 101 R. I. 343, 223 A.2d 347.

We are in full accord with the holdings in these cases but cannot agree that they are apposite here. There was conflicting testimony as to whether petitioner's left leg went out from under him as a consequence of his original injury, or whether slipping on ice and snow at his home during a weekend, petitioner sustained a new and intervening incapacitating injury. It was for the commission to resolve the conflict in the testimony and that resolution is not reviewable on appeal to this court.

The petitioner's appeal is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Raul L. Lovett,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.