279 A.2d 448.

GEORGE BARBER *vs.* UNIROYAL, INC.

JULY 8, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a petitioner's appeal from a decree of the Workmen's Compensation Commission entered on November 6, 1970, which provided that "The respondent is ordered to pay to the petitioner compensation for total incapacity * * * from January 7, 1969 to July 2, 1969." The decree also set out that "The petitioner may file a petition to review this decree in order to establish the extent of petitioner's loss of earning capacity, if any, subsequent to July 2, 1969."

It appears from the record that on July 2, 1969, after a hearing on petitioner's original petition for compensation, a trial commissioner entered a decree in which he found that petitioner had sustained a strain of the ligaments of his back arising out of and caused by the peculiar characteristics of his employment with respondent. The trial commissioner went on, however, to find that any incapacity subsequent to January 7, 1969, was not causally connected with or related to the strain of the ligaments brought on by his employment with respondent. Subsequently, on October 7, 1969, the full commission affirmed the decree of the trial commissioner.

The petitioner prosecuted an appeal from that decree in this court in Barber v. Uniroyal, Inc., 107 R. I. 401, 267 A.2d 697. We concluded that the commission had erred in finding that there was no causal relationship between the ligamentous strain suffered by petitioner arising out of his employment and the incapacity which followed his sneeze on January 5, 1969, and thereupon remitted the case to the Workmen's Compensation Commission for the entry of a new decree in compliance with the terms of our opinion.

Upon the remand the commission entered a decree in which it found that, as a result of his injury, "* * * the petitioner became totally incapacitated for work on January 7, 1969 and so remained until at least July 2, 1969." The commission expressly stated also that it was making no

finding as to the incapacity of petitioner subsequent to July 2, 1969, and then went on to order respondent to pay petitioner compensation for total incapacity from January 7, 1969, to July 2, 1969.

Nothing in the record indicates that after the remand the commission held any hearing on the issue of petitioner's incapacity after July 2 or otherwise explains the commission's decision to make no finding thereon. It may well be that the commission concluded that it had before it no material and relevant evidence on petitioner's incapacity after that date. This court cannot at this point with propriety conjecture as to the degree of incapacity of petitioner, if any, after July 2, 1969. We are without jurisdiction to make any factual finding as to petitioner's incapacity after July 2, that being a matter exclusively within the fact-finding power of the commission. See *McDonald* v. *John J. Orr & Son*, 94 R. I. 428, 181 A.2d 241.

It is significant, however, that in the decree the commission provided that petitioner would be permitted to file a petition to review the extent of his loss of earning capacity subsequent to July 2, 1969. This discloses clearly the commission's intent to terminate respondent's liability to pay compensation for incapacity beyond July 2. However, the commission had found total incapacity to exist from January 7, 1969, to July 2, 1969, "at least," and, therefore, in our opinion, was without jurisdiction to authorize a termination of payments of compensation without a showing under the pertinent procedures set out in G. L. 1956 (1968 Reenactment) §28-35-45, that such incapacity had ended or diminished.

Nothing in the record discloses that the commission held any hearing to determine that petitioner's incapacity had ended or diminished but simply ordered the termination. It informed petitioner that he could file a petition for review under the statute for the purpose of establishing the extent

and duration of his incapacity after July 2 in a proceeding in which the burden of proof would rest upon him. It is our opinion, however, that the commission could gain authority to exercise its jurisdiction to terminate or reduce payments of compensation only on a petition filed by respondent pursuant to the provisions of §28-35-45 and that, this not having been filed, it erred in exercising that jurisdiction.

We are constrained to conclude, then, that this cause must be again remanded to the commission. However, in order not to prejudice either of the parties, we will direct on remand that the cause be heard forthwith in like manner as if a petition for review under the provisions of §28-35-45 had been brought by the respondent. On the basis of such hearing, the commission may then determine the duration and extent of the petitioner's loss of earning capacity subsequent to July 2, 1969, and enter a decree consistent with such findings.

The appeal of the petitioner is sustained, the decree appealed from is reversed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.

*Abedon, Michaelson, Stanzler & Biener, Howard I. Lipsey,* for petitioner.

*Ambrose W. Carroll,* for respondent.