319 A.2d 19.

SEBASTIANO SUFFOLETTA *vs.* RICCI DRAIN LAYING CO., INC.

APRIL 24, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This petition for review was brought by an employee who sustained a compensable injury to his back on December 9, 1964, and who has since received compensation benefits for either total or partial incapacity. At the time of the filing of the petition the employee was being paid benefits for partial incapacity pursuant to a decree of October 5, 1971, and he asked that those payments be increased on the ground that his total incapacity had re-

turned. A trial commissioner found that he was totally incapacitated for work from February 11 to March 28, 1972, and that he reverted to the status of partial incapacity on March 29, 1972. On review the full commission affirmed. Benefits commensurate with those findings were ordered to be paid. The employer does not challenge the commission's finding that total incapacity for work returned for a limited period and it has not appealed.[1] The employee, however, insists that he is still totally incapacitated, and the case is here on his appeal.

Only three witnesses testified before the commission: the employee, a neurosurgeon, and Dr. Edward Spindell, the attending physician who is an orthopedic surgeon. The employee's testimony that his condition had worsened since his last appearance before the commission and that he was unable to do any work was rejected solely on the basis that it was "incredible";[2] the neurosurgeon's testimony that the employee was "totally disabled" met a like fate on the tenuous basis that he had not treated the employee, but had examined him solely for the purpose of testifying. For reasons which will hereafter become apparent, we ignore any questions with respect to the sufficiency of the reasons given for the rejection of such testimony, and we adhere to the rule requiring us to disregard testimony which the commission has rejected. *Cardente* v. *O'Leary*, 108 R. I. 510, 276 A.2d 751 (1971); *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 274-75, 162 A.2d 528, 530-31 (1960).

That leaves only the testimony of Dr. Spindell. He iden-

---

[1]*See Thompson* v. *Coats & Clark, Inc.*, 105 R. I. 214, 229, 251 A.2d 403, 411 (1969), where we held that a party who is aggrieved by a finding adverse to him and who does not appeal is precluded from challenging the correctness of that finding in this court.

[2]*See Jackowitz* v. *Deslauriers*, 91 R. I. 269, 276, 162 A.2d 528, 531 (1960), where we said that a trial justice should advert in some manner to his reasons, however brief, for rejecting testimony on credibility grounds.

116

tified the employee's injury as a herniated disc, described the treatment given therefor as palliative rather than curative, and stated categorically that the employee was totally incapacitated for work. Later in his testimony, however, the doctor engaged in a verbal exchange with the commissioner and with counsel for both parties. It can only be described as confused and garbled. Bearing in mind that our view of the case turns on that testimony, we have carefully read and re-read it in an attempt to ascertain its true meaning. Our conclusion is that in the doctor's judgment the employee was unable as a practical matter to return to gainful employment. Nonetheless, he felt that the employee should "try to do something within the tolerance of his pain" rather than remain idle, and that were he to make the attempt, he might find he could *possibly* "do some things part time, sitting down."

That description of the employee's employment capabilities clearly does not justify a finding of only partial incapacity for work. Perhaps it might were we to equate total incapacity with complete helplessness. But we have not taken that narrow and technical approach to a very practical problem. Instead, we have adopted the commonsensical view that a worker should remain on the "totally incapacitated" list until his physical condition "* * * has reached the point where he can once again join the labor force and attempt to recapture his former earning capacity." *Perry's Heating Service* v. *Cashman*, 104 R. I. 75, 79, 241 A.2d 823, 826 (1968).

Here, at the root of Dr. Spindell's opinion, was a belief that the employee could not as a practical matter return to gainful employment. Standing alone, that statement would be dispositive under the *Cashman* rule. But even were it qualified by the doctor's further opinion that the employee could *possibly* return to light work, it would not be legally competent on whether he had reached that point

in his recovery where he was ready to rejoin the labor force. To have achieved competency his opinion should at least have indicated that the employee could *probably* return to light work. As given, however, it was speculative and conjectural, and therefore of no legal effect on the issue of the employee's work capabilities. *Taglianetti* v. *Jo-Dee Corp.*, 103 R. I. 552, 239 A.2d 192 (1968); *Woods* v. *Safeway System, Inc.*, 101 R. I. 343, 346, 223 A.2d 347, 349 (1966); *Macedo* v. *Atlantic Rayon Corp.*, 81 R. I. 339, 342-43, 103 A.2d 64, 66-67 (1954).

The record, once purged of the incompetent portion of Dr. Spindell's opinion, consists solely of his positive, uncontradicted and unrejected testimony that the employee's total incapacity continued after March 28, 1972. It contains no inherent improbabilities or contradictions which alone, or in connection with other circumstances, tend to contradict it. It was therefore conclusive, and for the commission to ignore it was an error of law which is reversible on appeal. *Barber* v. *Uniroyal, Inc.*, 107 R. I. 401, 267 A.2d 697 (1970); *Provencher* v. *Glas-Kraft, Inc.*, 107 R. I. 97, 264 A.2d 916 (1970); *Laganiere* v. *Bonte Spinning Co.*, 103 R. I. 191, 194-95, 236 A.2d 256, 257-58 (1967); *Ferber Co.* v. *Cherella*, 96 R. I. 493, 497-98, 194 A.2d 677, 679 (1963); *Antonelli* v. *Walsh-Kaiser Co.*, 72 R. I. 1, 47 A.2d 863 (1946).

It follows that the employee's total incapacity for work continued after March 28, 1972, and that he should be awarded compensation for total incapacity.

The employee's appeal is sustained, the decree appealed from is reversed, and the case is remitted to the Workmen's Compensation Commission for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Lovett & Linder, Ltd., Raul L. Lovett, Edward E. Dillon, Jr.,* for petitioner-appellant.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Robert W. Lovegreen,* for respondent- appellee.