Nicholas C. SIMON, Jr.

v.

HEALTH–TEX, INC.

No. 82–466–Appeal.

Supreme Court of Rhode Island.

April 4, 1985.

Raul L. Lovett/Marc B. Gursky, Lovett, Morgera, Schefrin & Gallogly, Ltd., Providence, for petitioner.

William M. Heffernan, Roberts, Carroll, Feldstein & Tucker, Providence, for respondent.

## OPINION

KELLEHER, Justice.

This is an employee's appeal from the denial and dismissal of his petition for benefits payable pursuant to the terms of the Workers' Compensation Act. In his petition the employee alleged that he had incurred a "bilateral inguinal hernia" as a result of an injury he sustained on August 17, 1978, as he was stacking pallets one on top of the other. Hereinafter we shall refer to the employee as Simon and his employer as Health-Tex.

Nobody disputes the fact that Simon, while working at Health-Tex's plant, received an injury to the groin on August 17, 1978, as he was stacking pallets, each of which weighed between twenty and twenty-five pounds, or that he subsequently underwent surgery at the Pawtucket Memorial Hospital.

Simon's surgeon, Dr. Khalil Shekarchi, testified before the trial commissioner by way of a deposition. Simon underwent surgery on May 9, 1979, at which time the surgeon repaired a right inguinal hernia; a month or so later, on June 18, 1979, the surgeon advised the patient to return to work. However, on June 28, 1979, Simon returned to his surgeon, complaining of pain in his left groin.

The trial commissioner awarded Simon benefits for the right inguinal hernia but refused to award any benefits for the left hernia. The denial was based upon Dr. Shekarchi's testimony, and the denial was affirmed by an appellate commission.

In reviewing the appellate commission's actions, we are obligated to review the record and determine whether there is any competent evidence that supported the appellate commission's affirmance of the trial commissioner's denial of benefits for the left inguinal hernia. *Mulcahey v. New England Newspapers, Inc.*, R.I., 488 A.2d 681 (1985). In direct examination, the surgeon attributed his failure to detect the left hernia to the "huge" size of the right hernia, but he was of the opinion that both hernias were causally related to the stacking episode. However, in cross-examination, the surgeon explained that before June 28, 1979, his patient never complained of pain in the left inguinal area, admitted that medically there was no way of telling how long the left hernia had existed, conceded that he "probably" would have discovered the second hernia in April or May of 1979 if it had existed at that time, and classified the presence of both hernias, with the second hernia remaining undetected, as "possible."

This court has on several occasions stressed the necessity that a medical expert who is testifying for the purpose of relating a person's activities to the person's injury speak in terms of "probabilities" rather than "possibilities." *Coletta v. Leviton Manufacturing Co.*, R.I., 437 A.2d 1380 (1981); *Sweet v. Hemingway Transport, Inc.*, 114 R.I. 348, 333 A.2d 411 (1975); *Suffoletta v. Ricci Drain Laying Co.*, 113 R.I. 114, 319 A.2d 19 (1974); *Ta-*

*glianetti v. Jo-Dee Corp.*, 103 R.I. 552, 239 A.2d 192 (1968); *Woods v. Safeway System, Inc.*, 101 R.I. 343, 223 A.2d 347 (1966). Here, the surgeon's testimony was, to say the least, equivocal and lacked the requisite degree of precision expected of an expert. *See Cousineau v. ITT Royal Electric*, R.I., 484 A.2d 884 (1984). The surgeon's reference to "possible" caused the trial commissioner to rule that Simon had failed to provide the requisite nexus between his left hernia and the stacking of the pallets. The appellate commission found no reason to fault the denial of benefits, and neither does this court.

The employee's appeal is denied and dismissed, and the decree of the appellate commission is affirmed.

BEVILACQUA, C.J., did not participate.