**LOVITT FOODS, INC.**

v.

**Maria VEIGA.**

**No. 83–145–Appeal.**

Supreme Court of Rhode Island.

May 31, 1985.

Raul L. Lovett, Lovett Morgera Schefrin & Gallogly, Ltd., Providence, for petitioner.

Joanne McTiernan, Anderson Henning & Anderson, Providence, for respondent.

## OPINION

KELLEHER, Justice.

This is a workers' compensation proceeding in which the employee appeals from a decree of the appellate division affirming the trial commissioner's finding that since the employee's incapacity for work had ended, the employer was authorized to suspend payment of any and all future weekly compensation benefits.

The employee worked for her employer, Lovitt Foods, Inc., as a meat packer. Part of her job entailed "lifting boxes weighing between 30 to 50 pounds containing mostly waste material." At the time of the filing of the employer's petition to review, the employee was receiving weekly compensation benefits of $113.79 for a "neck sprain" that was the result of an injury she incurred in the latter part of September 1980.

At the hearing before the trial commissioner, the employer presented as its sole witness an orthopedic surgeon who, after being asked for an opinion about the employee's ability to return to work without any restrictions, on the basis of the employee's history, her medical examination, and his X-rays, replied in the affirmative and then testified, "I felt she was capable of returning to her work with no restrictions." Later, when asked if the employee's return to work posed a hazard to her health, the witness replied in the negative, saying "I do not feel it would be." A surgeon's report was introduced into evidence, and there the surgeon also observed, "I would feel [that the employee] should be capable of returning to work with no restriction." We reverse.

As recently as *Simon v. Health-Tex, Inc.*, 490 A.2d 50 (R.I.1985), this court emphasized the necessity for a medical expert who is testifying for the purpose of relating a person's activities to a person's injuries to speak in terms of "probabilities" rather than "possibilities" or even "feelings," citing *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380 (R.I.1981); *Sweet v. Hemingway Transport, Inc.*, 114 R.I. 348, 333 A.2d 411 (1975); *Suffoletta v. Ricci Drain Laying Co.*, 113 R.I. 114, 319 A.2d 19 (1974); *Taglianetti v. Jo-Dee Corp.*, 103 R.I. 552, 239 A.2d 192 (1968); *Woods v. Safeway System, Inc.*, 101 R.I. 343, 223 A.2d 347 (1966). Here, the surgeon's testimony lacked the requisite degree of precision expected of an expert.

The employee's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Workers' Compensation Commission.