**Colleen T. CHAMPAGNE**

v.

**STATE of Rhode Island.**

No. 84-521-M.P.

Supreme Court of Rhode Island.

April 8, 1987.

William C. Rogers, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Richard B. Woolley, Sp. Asst. Atty. Gen., Providence, for defendant.

## OPINION

PER CURIAM.

This case is before the Supreme Court on a writ of certiorari to review a decree of the Workers' Compensation Commission that denied compensation benefits to the employee. The employee alleged that while working as an attendant caring for patients at Ladd School, she experienced difficulty with her back that became progressively worse and eventually caused her to stop working. The trial commissioner found that the employee had sustained a compensable injury and awarded compensation for partial incapacity. On appeal the appellate commission reversed the trial commissioner and dismissed the petition. We affirm.

■ After examining the record, the appellate commission concluded that there was no proof of a work-related injury or incapacity. A chiropractor presented the only medical evidence. Her entire testimony, and that of employee, failed to establish the required nexus between the employment and employee's disability because the issue of causation was never addressed in the record. *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380, 1383 (R.I.1981); *Taglianetti v. Jo-Dee Corp.*, 103 R.I. 552, 554, 239 A.2d 192, 193 (1968).

■ The appellate commission's review on appeal is limited to the record made before the trial commissioner. It has no authority to enlarge or amend that record. *Whittaker v. Health-Tex, Inc.*, 440 A.2d 122, 123–24 (R.I.1982). Our review of the transcript persuades us that the appellate commission reached the correct decision.

Therefore, the final decree of the Workers' Compensation Commission is affirmed, the writ heretofore issued is quashed, and the papers of the case are remanded to the Workers' Compensation Commission with our decision endorsed thereon.