SOMERSET REALTY CO. *vs.* MORRIS SHAPIRO *et al.*

JUNE 17, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of trespass on the case to recover for damage to plaintiff's building caused by

defendants, the general contractors in charge of the construction of the Loew's State Theatre on land adjoining that of the plaintiff. The case is in this court on plaintiff's exception to the decision of the trial justice granting defendants' motion for a new trial after a verdict for plaintiff for $5,579.70.

The declaration contains two counts. The first is to recover for damage to plaintiff's building caused by the removal of the lateral support of its land. The second is to recover for damage to said building caused by defendants' negligence in driving piles near the wall of plaintiff's building while excavating for the foundation of the theatre without properly shoring and bracing said wall. The jury viewed the premises. There were ten witnesses on each side; the trial lasted six court days.

Plaintiff is the owner of the property on the southeasterly corner of Weybosset and Richmond streets in the city of Providence. This property is rented to the Crooker Company which does a decorating and furniture business. The front of said building is built of wood, an addition thereto in the rear is built of brick.

The erection of the theatre required a deep excavation throughout the adjacent lot to the east and along the easterly boundary line of plaintiff's property. In December, 1927, the excavation had been made to a level as low as the cellar floor of plaintiff's building and there is evidence that, for 18 or 20 feet along the southerly end of the easterly wall of said building, the excavation was 2 feet below the bottom of plaintiff's foundation wall. The soil was sandy; in some places it was mixed with clay and pumping was required at times to remove water from the excavation.

On the 30th day of December, defendants began to drive piles for a foundation pier near the southeasterly corner of plaintiff's building. In order to place the pile driver in a position to drive these piles, one or more shores and braces which defendants had used to support plaintiff's wall were removed by defendants.

The testimony of an officer of the Crooker Company is that he heard a tremendous crash "like the ripping of boards, as if the wall had fallen down or something of that kind. There was a decided shock to the building, considerable noise and many of our people came down from the top floor very much disturbed and frightened, and said they thought the building was falling down." Some employees of the Crooker Company testified to the same effect.

The rear part of plaintiff's building settled along the southerly end of the east wall, separated slightly from the front of the building and damage occurred in other parts of the interior of the building.

After several conferences between the parties looking to an adjustment of the damage, defendants, in a letter to the plaintiff under date of September 26, 1928, asked the latter to send them a statement of the costs representing the claim for the alleged damage also stating that they regretted the delay in adjusting this matter and that it was their desire to meet plaintiff as soon as possible to settle the claim to the mutual satisfaction of both parties and that "We feel certain that you will be fair and we assure you of our immediate attention."

The trial justice in his rescript says plaintiff produced many witnesses to prove "that the damage was caused by the defendants in a manner which would make the defendants liable for the damage. . . . The defendants produced many witnesses to prove that the damage to the building was not caused by any act which would make them legally responsible for the damage." After stating that the evidence was voluminous and contradictory, the rescript concludes as follows: "This court, after considering all the evidence in the case, is not satisfied that substantial justice has been done and feels that the case should be tried again."

This court has always given great weight to the opinion of the trial justice on the question of the justice or the injustice of a verdict but his opinion is not conclusive; it must be based upon some valid reason which can be found upon

consideration of the record of the court proceedings or in the rescript of the trial justice.

In the instant case the verdict was not set aside on the ground of excessive damages or because it was against the weight of the evidence or against the law as stated in the charge to the jury. In deciding a motion for a new trial, unless it is obviously unnecessary, the trial justice should state in a definite manner his opinion upon the material grounds relied upon in support of the motion. *Powell* v. *Gallivan*, 44 R. I. 453; *Joslin* v. *Rhodes*, 48 R. 1. 123. The parties to the action and this court are entitled to be informed of the basis of the trial court's decision. Without such information this court in reviewing the entire record is hindered in the consideration and determination of an exception to such decision.

Where the positive testimony of witnesses is uncontradicted and unimpeached, either by other positive testimony or by circumstantial evidence, it cannot be disregarded but must control the decision of the court or the jury. But a court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it when it contains inherent improbabilities or contradictions which alone or in connection with other circumstances, satisfy them of its falsity. *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180.

The rule is now well settled that the trial justice is not required nor is he empowered in every case to substitute his own judgment for the judgment of the jury. The verdict of the jury must be upheld by him as against any mere doubts of its correctness. But when he is convinced that a verdict is wrong because of improper conduct of the jury either in finding a verdict or because, on the evidence, it fails to do substantial justice, his duty is to set it aside. *McMahon* v. *R. I. Co.*, 32 R. I. 237; *Himes* v. *Schaller*, 39 R. I. 519.

In the case at bar the proof of liability is clear and convincing; the positive testimony of witnesses for plaintiff is unimpeached. The extent of the damage caused by defendants is more open to question. Plaintiff's building was built

forty years ago and naturally was not in perfect condition. The award of damages is much less than plaintiff claimed. Defendants argue that it thus appears that the jury did not properly consider the case and that the verdict was a compromise verdict. We think the damages are not excessive. In our opinion the verdict does substantial justice to both parties.

The disapproval of the verdict by the trial justice is not positive. In effect, it appears to be the expression merely of a doubt of the justice of the verdict for which no reason is given; nor is there any adequate reason apparent in the evidence. Such conflict as there is in the evidence is not so much as to the facts but rather in the opinion evidence of the experts. Upon consideration of the whole evidence we are of the opinion that the decision granting the motion for a new trial was erroneous.

The exception of the plaintiff on this ground is sustained. The case is remitted to the Superior Court with direction to enter judgment on the verdict for the plaintiff.

*William H. Edwards, Edward Winsor, Edwards & Angell* for plaintiff.

*Louis V. Jackvony* for defendants.