Annie Evelyn Mott *vs.* Anna Elizabeth Clarke, *Ex'x.*

DECEMBER 15, 1958.

Present: Roberts, Paolino and Powers, JJ.

258

Powers, J. This is an action of trespass on the case for negligence. Trial was held before a superior court justice sitting with a jury and resulted in a verdict for the defendant. The case is before us on the plaintiff's bill of exceptions to the denial by the trial justice of her motion for a new trial and to certain evidentiary rulings.

It appears from the evidence that on the evening of August 3, 1954 plaintiff, who was then seventy-six years old, after dining with her daughter and son-in-law Mr. and Mrs. Benjamin Thurston, was about to leave the Mile Post Restaurant in Middletown in this state when she was knocked to the floor by the opening of the main door to the restaurant.

For several years plaintiff had been suffering with arthritis, and at the time of the accident she was carrying a cane in her right hand and was being assisted by her daughter who held plaintiff's left arm. The plaintiff's son-in-law was at the cashier's counter paying the check and the daughter was about to open the door when it opened inward and struck plaintiff. The upper half of the door was paneled in glass and although the daughter was watching through

the panel she saw no one approaching the door until it suddenly opened and a man stood in the doorway. The plaintiff did not see anyone in the open doorway. The man seen by the daughter was unknown to her but was known to her husband, who identified him to his wife and to plaintiff as Fred Clarke of Jamestown.

Nothing was said to Mr. Clarke about his participation in the accident either that night or later, although he called Mr. Thurston the following day to inquire if the injured woman was related to him. Shortly thereafter, on October 16, 1954, Fred Clarke died without having been notified by plaintiff or anyone on her behalf that he was believed to have been responsible for her injury.

On April 4, 1955 after the appointment of his widow as executrix of Fred Clarke's estate the plaintiff filed a claim for damages against his estate, which claim was duly disallowed. This claim was the first notice to either Fred Clarke or his estate that plaintiff charged him with negligence in opening the door and thereby causing the injury to her.

Fred Clarke, Jr. testified that on the evening in question he and his father drove to the Mile Post Restaurant for dinner arriving there about six o'clock; that it was raining and he closed the car windows and followed his father into the restaurant; that he was "a good giant step" behind him; that when he entered the vestibule all that he could see was his father's back and the open door; that when he reached the threshold and stepped into the restaurant proper behind his father, Mrs. Mott was lying on the floor with several people around her, one of whom was applying a wet cloth to her forehead; and that as he walked around the group to get to the table or booth with his father he heard the person with the cloth remark in effect that plaintiff must have slipped on the linoleum which had been recently waxed.

In her testimony plaintiff categorically denied that she slipped. Throughout the cross-examination of plaintiff, her daughter and son-in-law, and the associate counsel for plaintiff, defendant's counsel made repeated inquiries of statements contained in a declaration filed in a suit by plaintiff against Felcona Corporation, owner and operator of the Mile Post Restaurant. Counsel for plaintiff objected to some of these inquiries and asked that his exceptions be noted. On other occasions the questions were answered without objection.

The plaintiff's bill of exceptions contains eight allegations of error, one of which relates to the denial of her motion for a new trial and the other seven to evidentiary rulings. Four of these exceptions are to the admission by the trial justice, over the objection of plaintiff's counsel, of questions relating to certain statements made by plaintiff in her declaration filed in a suit against the owner of the premises, which statements alleged negligence against the owner. Whether the admission of such evidence was prejudicial error is immaterial, since all of this information later became a part of the record without objection from plaintiff's counsel. These exceptions are therefore overruled.

A fifth exception relates to the exclusion of a statement made by Benjamin Thurston to the ambulance driver regarding the cause of the accident. The testimony if permitted would have been pure hearsay. This exception is overruled.

A sixth exception relates to the exclusion of certain matters contained in the hospital records, namely, a statement made by plaintiff to the doctor on her admittance that her injuries were sustained when she was knocked down by someone opening the door at the Mile Post Restaurant. Such a statement is of course hearsay, but counsel for plaintiff contends that it comes within the exception of the res gestae rule. The statement was made to the doctor fully an hour after the accident. It was not a verbal

act and part of the occurrence, but was a recitation of an accomplished fact. *Zannelle* v. *Pettine,* 51 R. I. 359. This exception is overruled.

The question relating to whether or not plaintiff read of the death of Fred Clarke in the newspaper before engaging counsel, which question constitutes plaintiff's last exception on evidentiary rulings, was proper cross-examination and her objection was without merit. This exception is overruled.

The plaintiff's final exception is directed to the denial by the trial justice of the motion for a new trial. In her brief she states:

> "As this Honorable Court knows, the various component parts of any civil action of this type are 1.—prove that the defendant did the act; 2.—prove that he did the act negligently; 3.—to prove that plaintiff was not guilty of contributory negligence; 4.—to prove that the negligent act was the approximate cause of the damages sustained.

> "From Trial Justice's own statements, it would seem that the first and fourth component parts were certainly proved by the Plaintiff. The Plaintiff takes exception to Trial Justice's failure to grant a new trial on the second and third components * * *."

It is plaintiff's contention that, since no evidence denying negligence on the part of Fred Clarke was offered by defendant, the evidence tending only to suggest that the deceased was not actually involved, it follows that the jury's verdict was against the weight of the evidence on the issue of negligence. We do not agree with this contention. It was for plaintiff to prove by a fair preponderance of the evidence that defendant was negligent. In *Rossi* v. *Ronci,* 63 R. I. 250, at page 261, this court stated: "The weight of the evidence is to be determined by the touchstone of credibility * * *." Credibility is not exclusively synonymous with veracity. It encompasses conviction, a lack of uncertainty, and has such weight as to the truth of the fact as to leave little room for doubt. In a case such as here,

where the defendant is in no position to refute the statements of witnesses for plaintiff, justice requires that this must be so before the rule that uncontradicted testimony cannot be disregarded is applicable. See *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180.

In the instant case only plaintiff and her daughter could qualify as witnesses on the issue of negligence. The plaintiff's testimony can hardly be said to be conclusive. In direct examination plaintiff testified: "When the door opened it pushed me * * * Right off my feet" and "Well, someone came rushing in and pushed it open." In cross-examination, when asked about the glass panel in the door providing an opportunity for patrons entering and leaving to see each other, she testified: "I don't know." Further, when asked if she saw anyone through the glass panel she stated: "There wasn't anyone in sight." And pressed as to whether or not she looked, she responded: "I think I did."

The plaintiff's daughter, who was holding her mother's left arm for support and was about to open the door, testified in direct examination: "A man came rushing from the other side, pushed the door, hit my mother and knocked her down." But in cross-examination she stated: "Well, I had hold of it [her arm], I don't know how secure it was." From this testimony by plaintiff and her daughter a jury might reasonably draw the inference that the door had been pushed open with such force as to constitute negligence. But considering the age and relative infirmity of plaintiff, it cannot be said that as a matter of law it preponderates against an inference that the door was opened with force which did not amount to negligence. The question of due care on the part of plaintiff in all the circumstances was clearly a matter of fact for the jury.

In denying the plaintiff's motion for a new trial, the trial justice showed that he fully understood his duty in the premises. After carefully reviewing the record as it relates

to his comments, we cannot say that he was clearly wrong. This exception is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Dolbashian & Chappell, Paul M. Chappell,* for plaintiff.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.