LOUIS ARTHUR MICHAUD *vs.* ANNETTE GERTRUDE MARIE MICHAUD.

APRIL 27, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is a husband's petition for an absolute divorce on the ground of extreme cruelty. The cause was heard by a justice of the family court who thereafter en-

tered a decree denying and dismissing the petition. From that decree the petitioner has prosecuted an appeal to this court.

The record discloses that the parties were married on September 28, 1940 and that three children have been born of the union. The oldest of these children was eighteen years of age at the time of the hearing, while the youngest child was seven years of age. The petitioner testified that he has been living apart from his wife for a period of three years and eight months.

The petitioner testified at some length concerning the conduct of respondent that he contends constituted extreme cruelty. He stated that she had refused him access sexually for over three years; that she had threatened him with bodily harm on several occasions; and that as a result of such action he lost weight and became quite nervous. He argues in this court that such testimony was corroborated by three witnesses including his eighteen-year-old daughter, his brother-in-law, and a friend of some thirty years' standing. No testimony was adduced on behalf of respondent to contradict that of petitioner, and he now contends that the trial justice erred in denying his petition in that he disregarded uncontradicted and unimpeached evidence establishing the extreme cruelty alleged in his petition.

The trial justice discloses clearly his awareness that the evidence adduced by petitioner was probative of extreme cruelty. He said: "There has been testimony elicited which has indicated there had been during a period from 1955 to 1959 a series of events as follows; threatening with a scissors, threatening with a knife, threatening with hot oil, and, a refusal to have sexual relations with the petitioner by the respondent. These acts would amount to extreme cruelty under the laws of the State of Rhode Island. While not being acts of physical cruelty, they are acts which together create a course of conduct that would be detrimental to the conjugal relations of the parties." The court went

on to note, however, that there is also in the record testimony that respondent during these same years had been a patient at a mental hospital and that on several occasions petitioner had signed applications for her to be returned to his home in an out-patient status.

It is clear then that the trial justice did not overlook the evidence adduced by petitioner on the issue of extreme cruelty nor, in our opinion, did he misconceive the probative inadequacy thereof. On the contrary, after specifically referring to its legal effect upon the issue, he went on to reject it as being insufficient in itself to establish that the conduct was the cause of the alleged impairment of petitioner's health. In this the trial justice noted the impeaching effect thereon of other testimony adduced by petitioner. He commented that petitioner, after testifying that his loss of weight and nervousness were caused by his wife's conduct, subsequently testified "that there was also a factor of financial difficulties that contributed to this loss of weight. There is evidence that he never lost a day's work as a result of this alleged impairment of his health." In rejecting petitioner's evidence as being inconclusive on the relevant issue, the trial justice noted the absence of evidence adduced through medical witnesses establishing that this loss of weight and nervousness "was a direct result of this conduct on the part of his wife, and I do not believe his testimony."

In denying credibility to petitioner's testimony, the trial justice, in our opinion, removed this case from the purview of our long-standing rule concerning the conclusiveness of uncontradicted and unimpeached testimony that is invoked by petitioner here. In *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, this court expressly accepted the rule that where the positive testimony of a witness is uncontradicted and unimpeached either by other positive testimony or by circumstantial evidence, it cannot be disregarded and must control the decision of the court or the jury on the pertinent

issue. In *Jackowitz* v. *Deslauriers*, 91 R. I. 269, we reiterated our adherence to this rule.

We have on numerous occasions, however, attempted to make it clear that this rule has application only to cases where the evidence is uncontradicted and is free from inherent improbability and self-contradiction which tend to demonstrate its lack of probative force. We have likewise held that such evidence must not be susceptible of reasonable inferences that tend to contradict its import or to warrant its rejection as lacking in credibility. In *Little* v. *Rubin*, 62 R. I. 438, we said at page 444: "The defendants argue as if the testimony of their witnesses were undisputed or uncontradicted. However, they fail to recognize that, even if such were the case, the testimony that they rely upon is subject to the question of credibility and open to reasonable inferences adverse to their contentions." In short then, the state of the evidence in the instant case is such, in our opinion, as warranted the trial justice in drawing inferences inconsistent with the testimony of petitioner concerning the cause of his loss of weight and nervousness. See *Matarese* v. *Matarese*, 82 R. I. 10.

It is clear that in this case the trial justice drew from all the evidence adduced by petitioner inferences that were entirely reasonable although contrary to those that petitioner now contends should have been drawn therefrom. He rejected expressly as incredible petitioner's testimony that his health had been impaired in any degree by reason of the conduct of respondent and stated there was, in his opinion, no other testimony in the record which tended to prove that her conduct had adversely affected his health so as to establish extreme cruelty as constituting a ground for divorce. The trial justice had the opportunity to see and hear petitioner testify and properly could have considered his status as a party in interest in passing upon the question of the credibility to which his testimony was entitled. In these circumstances we are unable to say that the inferences

drawn by the trial justice were not reasonable even though contrary to those urged by petitioner.

We are unable to perceive that the rule as stated in *Jackowitz* v. *Deslauriers, supra,* and in *Santos* v. *Santos,* 80 R. I. 5, sustains the contention petitioner here is making. It is true that in each of those cases testimony was held to be uncontradicted and unimpeached and conclusive upon the trier of the fact. It is to be noted, however, that in *Santos* this court directed attention to the fact that the trial justice, in denying the petition for divorce, did not base that decision on any express finding that the petitioner's testimony concerning the wife's misconduct was lacking in credibility. Likewise, in *Jackowitz* v. *Deslauriers, supra,* this court stated that it considered as significant the absence of any statement on the part of the trial justice that he disregarded certain uncontradicted and unimpeached evidence because he found it lacking in credibility. In the instant case the trial justice clearly did not consider petitioner's testimony as conclusive on the issue of extreme cruelty for the expressly stated reason that it was lacking in credibility.

The impeachment of uncontradicted evidence is not a matter that properly may be left to the whim of a trier of fact. We are convinced that a trier of fact, when intending to disregard or reject evidence that on its face is sufficiently free from contradiction and inconsistency to come within the rule laid down in *Gorman* v. *Hand Brewing Co., supra,* should briefly, at least, state his reason for so doing and this especially where he rejects such testimony as being not credible. In our opinion the trial justice here has done just that.

The testimony rejected in the instant case came from the petitioner, who was a party in interest. In such a situation a trier of fact may well be compelled to question the entitlement of such evidence to credence. We are of the opinion that the language employed in *Hull* v. *Littauer,* 162 N. Y.

569, prescribes a valid guide for fact triers in these circumstances. At page 572 of the opinion the court said: "Generally, the credibility of a witness, who is a party to the action and, therefore, interested in its result, is for the jury; but this rule, being founded in reason, is not an absolute and inflexible one. If the evidence is possible of contradiction in the circumstances; if its truthfulness, or accuracy, is open to a reasonable doubt upon the facts of the case, and the interest of the witness furnishes a proper ground for hesitating to accept his statements, it is a necessary and just rule that the jury should pass upon it. Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness."

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Samuel H. Brenner*, for petitioner.

*Felix A. Appolonia*, for respondent.