276 A.2d 751.

LINDA E. CARDENTE *vs.* ARTHUR D. O'LEARY, JR.
CHRISTINE CAPICE *vs.* ARTHUR D. O'LEARY, JR.
SALVATORE J. CARDENTE *vs.* ARTHUR D. O'LEARY, JR.
LOUIS CAPICE *vs.* ARTHUR D. O'LEARY, JR.

MAY 7, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. These four civil actions were brought in the Superior Court to recover for injuries allegedly sustained when an automobile owned and operated by the defendant, Arthur D. O'Leary, Jr., struck the rear of an automobile operated by a stranger to these proceedings, which in turn collided with the rear of a motor vehicle owned by plaintiff, Salvatore J. Cardente and operated by his wife, Linda, also a plaintiff. At the time of the collision Christine Capice was a passenger in the Cardente automobile. Mrs. Cardente and Mrs. Capice sued to recover for pain and suffering; their husbands to recover for expenses incurred for the treatment of the injuries of their respective wives. In addition Salvatore J. Cardente claimed that his automobile had been damaged to the extent of $174.38. Mrs. Capice deceased prior to the trial and her husband was substituted as a party plaintiff. The cases were consolidated for trial and the jury returned a verdict of $174.38 for Salvatore J. Cardente and in the other three cases the verdicts were for the defendant. Thereafter Salvatore J. Cardente's motion for a new trial on the ground that the damages were inadequate and the other plaintiffs' motions for unconditional new trials were denied. The plaintiff in each case appealed.

The discrimination manifested by the jury in rejecting all of plaintiffs' claims except that of plaintiff, Salvatore J. Cardente, for property damage led the trial justice to assume that the jury of necessity found, on the one hand, that defendant was negligent and plaintiffs free of contributory negligence, and, on the other, that plaintiffs had

failed to establish that whatever damages they alleged were the direct and proximate result of defendant's negligence. Based upon those assumptions and after reviewing the evidence and particularly that on the question of the alleged personal injuries, the trial justice approved the verdicts.

In challenging the trial justice's refusal to grant their motions for new trials, plaintiffs contend, as we understand them, that the jury's verdicts against them were premised upon its rejection of the positive and uncontroverted testimony that plaintiffs had sustained personal injuries and incurred medical expenses as the result of defendant's negligence; and that for the trial justice to follow the jury's lead and similarly reject such testimony was to misconceive the evidence on a material issue with the result that his decisions on the new trial motions were thereby deprived of the great weight to which they would otherwise be entitled.

To support their argument plaintiffs call upon the long-standing rule, first enunciated in *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180, 66 A. 209, and many times since affirmed, which says that the positive testimony of a witness which is unimpeached and uncontradicted by other positive testimony should not ordinarily be rejected and should usually control. That rule, however, has its exceptions and qualifications which, as summarized in *Laganiere* v. *Bonte Spinning Co.,* 103 R. I. 191, 194-95, 236 A.2d 256, 258, permit such testimony to be rejected,

> "* * * if it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances, tend to contradict it. *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, 69 A.2d 689; *Somerset Realty Co.* v. *Shapiro,* 51 R. I. 417, 155 A. 360. Such testimony may also be disregarded if it lacks credence or is unworthy of belief, *Mott* v. *Clarke,* 88 R. I. 257, 262, 146 A.2d 924, 926; *Jackowitz* v. *Deslauriers,* 91

R. I. 269, 162 A.2d 528, especially if the testimony is that of a party to the litigation or of an interested witness. *Michaud* v. *Michaud*, 98 R. I. 95, 200 A.2d 6. Rejection on credibility grounds may not, however, be arbitrary or capricious, nor may it '* * * be left to the whim of a trier of fact,' *Michaud* v. *Michaud*, *supra*, at 99, 200 A.2d at 8. Moreover, a trier of fact who disregards a witness's positive testimony because in his judgment it lacks credibility should clearly state, even though briefly, the reasons which underlie his rejection. *Jackowitz* v. *Deslauriers*, *supra*, at 276, 162 A.2d 528 at 531."

While we in no way depart from the *Gorman* rule, it appears to us that this case is controlled by the exceptions and qualifications to that rule rather than by the rule itself. Here the trial justice in his written rescript, after reviewing the evidence on the question of the claimed personal injuries, observed that Linda Cardente "left much to be desired as a good and effective witness" and that her "* * * answers at times were evasive, ambiguous, misleading, nonresponsive, incomplete, and, in several instances, contradictory"; that the testimony with respect to the injuries allegedly sustained by Christine Capice, deceased, was "vague and most unconvincing"; and that the testimony of the attending physician "was too general and not specific enough" and that his "* * * attempt to testify from memory after seven years because of incomplete medical records, detracted materially from the weight that could be given to his testimony."

It is obvious from the trial justice's evaluation of the pertinent testimony that in his judgment the evidence was in part self-contradictory and he made it clear that he doubted the credibility of all of the witnesses who testified concerning the personal injuries. As the jury before him, even though that testimony was positive and uncontroverted by other direct testimony, he also rejected it as unworthy of belief, and in doing so he, as well as they, were

well within the latitude permitted by the qualifications and exceptions to the rule in *Gorman* v. *Hand Brewing Co.*, *supra.*

In each case the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Domenic Tudino, Gordon C. Mulligan,* for plaintiffs.

*Francis V. Reynolds, Bernard W. Boyer,* for defendant.