396 A.2d 940.

STANLEY PUC *et al. vs.* LEASEWAY OF NEW ENGLAND  *et al.*

JANUARY 18, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.  This case is before us on an appeal by the plaintiffs from a denial of their motion for new trial subsequent to the entry of judgments by the Superior Court on jury verdicts in favor of plaintiff Stanley Puc (husband) for property damage to his automobile and against plaintiff Cecile Puc (wife) for personal injuries and consequential damages arising out of a motor vehicle collision which took place September 4, 1970. The automobile accident occurred on Mendon Road in Cumberland, Rhode Island between a truck operated by defendant Alfred Milano (Milano) and owned by defendant Leaseway of New England (Leaseway), and a vehicle operated by plaintiff wife and owned by plaintiff husband. The two vehicles were being operated in opposite directions on the same two-lane highway. The Milano truck was following another vehicle which suddenly stopped, causing Milano to apply his brakes. The truck skidded over the center line causing a sideswipe impact to the vehicle operated by plaintiff wife.

The jury found the defendant Milano had been negligent in the operation of his vehicle, and that his negligence had contributed 75 percent to the causation of this accident. Additionally the jury further found that plaintiff wife had also been negligent and that her negligence made a causal contribution of 25 percent to the occurrence of the collision.

The jury also found that plaintiff wife suffered no damage proximately caused by defendant Milano's negligence and therefore returned a verdict for defendant. The plaintiff husband was found entitled to recover for the damage to his automobile which, after adjustment for his wife's comparative negligence and the addition of interest and costs, amounted to $1,230.07. He was found to be entitled to no compensation for his wife's medical expenses.

The trial justice determined in his decision on the motion for new trial that the testimony of plaintiff wife was lacking in credibility both on the element of liability and also as to damages. As a particular illustration, he pointed out that her own testimony concerning her employment on the night of the accident was to the effect that she did not go to work but caused a fellow employee to punch her time card so that she would not lose her Labor Day holiday pay. Thus, the trial justice felt that if she were believed, she admitted perpetrating a fraud upon her employer. If she was not to be believed, then her employment record indicated she had worked that very evening and was not injured. The trial justice specifically determined that the evidence showed no physical injury. In dealing with the alleged psychological injuries which were the subject of testimony by two psychiatrists, the trial justice found that their opinions were lacking in persuasive force on the issue of causation. He further found that insofar as the psychiatrists did indicate a causal connection between plaintiff wife's psychological problems and the accident, their opinions were based entirely upon statements and history given by plaintiff wife. The trial justice did not consider her statements and history to be worthy of belief. In sum, the trial justice indicated his unqualified approval of the jury's findings and denied plaintiffs' motion for a new trial.[1]

---

[1] The plaintiff wife in her motion for new trial sought reconsideration of compensation for her injuries and other consequential damages, including loss of earnings. The plaintiff husband in his motion sought a new trial on the issue of medical expenses which he had allegedly incurred on his wife's behalf.

152

The trial justice cited *Barbato* v. *Epstein*, 97 R.I. 191, 196 A.2d 836 (1964) in which we set out the duties of a trial justice in passing upon a motion for a new trial. In that case we stated it was the duty of the trial justice to consider in the exercise of his independent judgment all of the material evidence in light of his charge to the jury and to pass on its weight and the credibility of the witnesses. We further stated:

> "In discharging that duty he can accept some or all of the evidence as having probative force; or he can reject some of the testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence, or because of inherent improbabilities or contradictions which alone or in connection with other circumstances satisfies him of its falsity, *Somerset Realty Co.* v. *Shapiro*, 51 R.I. 417, 420, or because it is totally at variance with undisputed physical facts or laws, *Gallo* v. *Simpson Spring Co.*, 55 R.I. 410, 417; or he can add to the evidence by drawing proper inferences therefrom and giving weight thereto. *Potemkin* v. *Leach*, 65 R.I. 1, 9." *Id.* at 193-94, 196 A.2d at 837.

Where the trial justice performs this function in accordance with the foregoing standards, his decision will not be disturbed by this court unless he has overlooked or misconceived material evidence on a controlling issue or is otherwise clearly wrong. *Morinville* v. *Morinville*, 116 R.I. 507, 359 A.3d 48 (1976); *Fontaine* v. *Devonis*, 114 R.I. 541, 336 A.2d 847 (1975); *Wood* v. *Paolino*, 112 R.I. 753, 315 A.2d 744 (1974).

In the case at bar a review of the testimony and the trial justice's decision on the motion for new trial indicate that he exercised his independent judgment and that his analysis of the evidence was sufficiently articulated in order to satisfy the requirements of our rule. His emphatic rejection of plaintiff wife's credibility and his analysis of the facts of the case relating to both liability and damages persuades us that he did not overlook or misconceive material evidence on any

controlling issue. His decision was not clearly wrong. Therefore, it is not subject to reversal on appeal.

In the light of the foregoing determination, it is not necessary to consider the contentions of the defendants relating to their motion to dismiss the appeal for failure to comply with the Superior Court Rules of Civil Procedure and our rules concerning the timely transmission of the record.

The plaintiffs' appeal is denied and dismissed, and the case is remitted to the Superior Court.

*Keough, Parker & Gearon, Joseph A. Keough,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden, John C. Peterson,* for defendants.